UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| JULIE ANN BOOTH,<br><br>    **Plaintiff,**<br><br>v.<br><br>FRANK J. BISIGNANO, Commissioner of Social Security,[1]<br><br>    **Defendant.** | CIVIL ACTION NO. 6:26-18-KKC<br><br><u>OPINION AND ORDER</u> |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Julie Ann Booth's Motion for Summary Judgement. (R. 11.) Booth brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for Supplemental Security Income ("SSI"). The Court, having reviewed the record, DENIES Plaintiff's Motion (R. 11) and AFFIRMS the Commissioner's decision.

### I.  BACKGROUND

Booth has applied three separate times for SSI. Her first application was denied on September 27, 2018, after an administrative hearing. Administrative Record (hereinafter "AR") at 77. Her second application was denied by an ALJ on November 9, 2020. (AR at 74–89.) On August 4, 2021, Booth filed the current application for SSI alleging depression, anxiety, diabetes mellitus, and back pain. (R. 11 at 2.) At the time of her application for SSI, Booth was forty-eight years old. (AR at 23.) At the time of the ALJ's decision, Booth changed

---

[1] Frank J. Bisignano is the new Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), Bisignano is hereby substituted as the defendant in this action.

age categories to "closely approaching advanced age." (*Id.*) Booth has a high school education but has no past relevant work experience. (*Id.*)

Booth's claim for SSI was denied initially on April 7, 2022, and again on reconsideration on July 21, 2022. (R. 11 at 2.) After a hearing held on August 30, 2023, the Administrative Law Judge ("ALJ") issued an unfavorable decision on October 25, 2023, determining that Booth was not disabled. (AR 10–25.) Booth subsequently requested review of the unfavorable determination which was denied by the Appeals Council on September 13, 2024. (R. 11 at 2.) This appeal followed.

## II. REVIEW PROCESS AND ALJ DECISION

### A. Standard of Review

This Court's review of the Administrative Law Judge's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 587 U.S. 97, 98, 103 (2019). The substantial evidence standard—more than a mere scintilla of evidence but less than a preponderance, *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)—is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding, which is itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152–53 (1999).

In reviewing the decision of the Commissioner, courts do not try the case de novo, resolve conflicts in the evidence, or assess questions of credibility. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Similarly, courts do not reverse findings of the Commissioner or the ALJ merely

because the record contains evidence—even substantial evidence—to support a different conclusion. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Rather, courts must affirm the ALJ's decision if substantial evidence supports it, even if the court might have decided the case differently if in the ALJ's shoes. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

### B. ALJ Process

To determine whether a claimant has a compensable disability under the Social Security Act, the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps are:

*Step 1*: If the claimant is doing substantial gainful activity, the claimant is not disabled.

*Step 2*: If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

*Step 3*: If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

*Step 4*: If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

*Step 5*: If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to

3

the next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); *see also* 20 C.F.R. § 404.1520(g)(1).

### C. ALJ Decision

In denying Booth's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act 20 C.F.R. § 404.1520(a)-(e).

At step one, the ALJ determined that Booth has not engaged in substantial gainful activity since August 4, 2021, the application date. (AR at 12.)

At step two, the ALJ determined that Booth suffers from the following severe impairments: degenerative disc disease, diabetes mellitus with peripheral neuropathy, obesity, chronic pain syndrome, anxiety disorder, mild intellectual disorder, and post-traumatic stress disorder. (20 C.F.R. 416.920(c)). (AR at 12.)

At step three, the ALJ found that Booth does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 13.)

Before proceeding to step four, the ALJ determined that Booth has the residual functional capacity (RFC) to perform "light" work as defined by 20 C.F.R. § 416.967(b) with the following limitations:

> she can frequently use push/pull controls with the right leg. She can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She should avoid concentrated exposure to temperature extremes, vibrations, humidity, and the hazards of moving machinery and unprotected heights. She can understand, remember, and carry out simple instructions, read simple instructions, and write simple notes.

(AR at 17–23.)

At step four, the ALJ found that Booth has no past relevant work under 20 C.F.R. 416.965. (AR at 23.)

At step five, the ALJ determined that, given Booth's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform and, thus, is not disabled. (AR at 24.)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council subsequently denied Booth's request for review. *See* 20 C.F.R. § 422.210(a); (AR 1–6). Booth has therefore exhausted her administrative remedies and filed a timely appeal in this Court.

### III.  ANALYSIS

Booth challenges the ALJ's ruling on three grounds. First, she contends that the ALJ's finding that psychologist Annette Freel's opinion was unpersuasive is not supported by substantial evidence. (R. 11 at 4–9.) Second, Booth argues that the ALJ committed harmful error when she found that Booth's medical impairments did not meet a listing. (*Id.* at 9–13.) Third, Booth asserts that the ALJ's improperly adopted a prior ALJ's RFC assessment. (*Id.* at 13–15.) The Court will address each of Booth's arguments in turn.

#### A.  ALJ's Evaluation of Psychologist's Opinion

Booth argues that the ALJ'S finding that the opinion of consulting psychologist Anne Freel was not persuasive is not supported by substantial evidence. (R. 11 at 4.) Specifically, Booth takes issue with the ALJ's supportability and consistency analyses. (*Id.*) The Court will address both arguments in turn.

While the ALJ must articulate their consideration of all medical opinions, the revised regulations that govern this case no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (e.g., requirement that

5

adjudicators must "give good reasons" for the weight given a treating source opinion). 20 C.F.R. § 404.1520c(b). Rather, the ALJ evaluates the persuasiveness of a medical opinion using five factors: (1) supportability, (2) consistency (3) relationship with the claimant (which includes: (i) length of the treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship), (4) specialization, and (5) other factors. 20 C.F.R. § 404.1520c(a)–(c) (2017).

The ALJ must explain how he or she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The ALJ must explain in their decision how persuasive they find a medical opinion, or a prior administrative medical finding based on these two factors. *Id.* The ALJ may, but is not required to, explain how they considered the other remaining factors. 20 C.F.R. § 404.1520c(b)(3) (2017).

The measuring stick for an "adequate discussion" is whether the ALJ's persuasiveness explanation enables the court to undertake a meaningful review of his finding as to whether the particular medical opinion was supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009). It is incumbent upon the ALJ to "explain his credibility determinations in his decision such that it 'must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007).

In March of 2022, Ms. Freel completed a psychological evaluation of Booth. Booth demonstrated full cognition, clean appearance, normal hygiene, talkative behavior, and fair eye contact. (AR at 420). Her mood was irritated, and her affect was described as, "angry, agitated, anxious, sad, and crying." (*Id.*) Ms. Freel's report indicated that Booth appeared

6

confused at times, her thoughts raced, and she was anxious, but she also became more relaxed as the session progressed. (*Id.*) As part of the evaluation, Booth underwent multiple cognitive assessments, including the Wechsler Adult Intelligence Scale – Fourth Edition (WAIS-IV) and the Wide Range Achievement Test (WRAT-5). (*Id.* 421-22.) She achieved a full-scale IQ score of 56, verbal comprehension of 63, processing speed of 62, working memory of 60, and perceptual reasoning score of 63, all of which were in the "extremely low" range at or below the 1st percentile. (*Id.* at 421.) Plaintiff also achieved deficient scores in the other areas testing in the Wide Range Achievement Test, where she was found to read at a second-grade level. (*Id.* at 422.) Based on the examination, Ms. Freel opined that Booth experienced marked limitations in her ability to (1) understand, remember and carry out instructions for simple repetitive tasks; (2) sustain attention, concentration, and persistence on simple tasks; (3) maintain effective social interaction with supervisors, coworkers, and the public; and (4) deal with normal work pressures and adapt, be flexible, acclimate, and learn work processes. (*Id.* at 423.)

Despite Ms. Freel's findings, the ALJ found her opinion to be unpersuasive. (*Id.* at 23.) The ALJ found that the opinion was not supported by the evidence in the record. (*Id.*) The ALJ found that the opinion was not consistent with the record because Booth's depression is "well controlled with medication" and the assessment is generally "not consistent with [Booth's] treatment history." (*Id.*) The ALJ found that Ms. Freel's assessment is not supported by her own examination that showed that Booth was anxious, yet was not diagnosed with anxiety disorder. (*Id.*)

### i. Supportability

Booth asserts that the ALJ "mischaracterized the contents of [Ms. Freel's] examination report." (*Id.*) She finds it "absurd" that "[t]he ALJ's finding Ms. Freel's opinion

7

was not supported by her examination findings because anxiety was noted on examination, but an anxiety disorder was supposedly not diagnosed." (R. 11 at 8.) Booth calls the ALJ's conclusions "cherry-picking." (*Id.* at 6.)

What Booth criticizes as "cherry-picking" is what the Court finds to be a weighing of the evidence. *See White v. Comm'r of Soc. Sec.,* 572 F.3d 272, 284 (6th Cir. 2009). Bringing up issue with the examination report's "mischaracterized contents" and what Booth describes as the improper analysis of her anxiety treads the line of re-weighing evidence. This is outside the limits of the Court's authority. *See Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472, 472 (6th Cir. 1982). Even if the Court were to find substantial evidence in Booth's favor, it must uphold the ALJ's decision if it is supported by substantial evidence. *See Stewart v. Comm'r of Soc. Sec.,* 811 F. App'x 349, 356 (6th Cir. 2020).

The Commissioner makes a good point that Ms. Freel found Booth's "major depressive disorder . . . with anxious distress" to be "moderate" in severity. (R. 13 at 5.) This finding is inconsistent with her finding of "marked" limitations. (*Id.*) Such inconsistency supports the ALJ's finding that Ms. Freel's opinion was generally "not consistent with [Booth's] treatment history." (AR at 23.) Because of this inconsistency, the ALJ found Ms. Freel's opinion unpersuasive. In finding this, the ALJ points to specific evidence in the record. (*See* AR at 23 citing Exhibits C4F; C5F; C13F; and C7F.) Because the ALJ had grounded reasons for disagreeing with Ms. Freel's analysis, the Court funds that the opinion was supported by substantial evidence.

### ii. Consistency

Booth also takes issue with ALJ's consistency analysis of Ms. Freel's opinion, arguing that the ALJ made an improperly selective evaluation of the evidence. (R. 11 at 4.)

8

Specifically, Booth states that the ALJ only found the opinion inconsistent with the record because her depression was sometimes under good control. (*Id.* at 9.)

In this case, the ALJ's findings are consistent with the record. Plaintiff does not cite any evidence in the record that prove marked limitations to her mental functioning. The ALJ found that her medication often controls her depression, and that the other mental conditions such as anxiety did not amount to marked limitations. (AR at 23.) The ALJ's explanation reasonably articulated how he considered the evidence to come to a different conclusion than Ms. Freel. (*Id.*) Because the Court can trace the path of the ALJ's reasoning, the decision is supported by substantial evidence.

### B. The ALJ Correctly Found that Booth's Mental Impairments Do Not Meet a Listing

Booth argues that the ALJ's finding that she has only mild limitations in interacting with others and has only moderate limitations in understanding, remembering, and applying information is not supported by substantial evidence. (R. 11 at 9, 12.)

In order to satisfy the paragraph B requirements for Listing 12.04, 12.05, 12.06, or 12.15, a claimant must provide evidence of a mental impairment that results in "extreme" limitation of one or "marked" limitation of two of the following areas of mental functioning: (a) understand, remember, or apply information; (b) interact with others; (c) concentrate, persist, or maintain pace; and (d) adapt or manage oneself. 20 C.F.R., Part 404, Subpt. P, App'x 1, § 12.00(A)(2)(b).

A "marked" limitation means that a claimant's functioning in a particular area "independently, appropriately, effectively, and on a sustained basis is seriously limited." *Id.* at § 12.00(F)(2)(d). By contrast, a "mild" limitation means the claimant's functioning in a particular area is only slightly limited. Id. at § 12.00(F)(2)(b).

9

In evaluating the paragraph B requirements here, the ALJ found that Plaintiff had only mild limitations in interacting with others (AR at 15). Booth characterizes the ALJ's finding as a blatant "cherry-picking" of the record due to an improperly selective discussion of the relevant evidence. (R. 11 at 10.)

Similar to the previous section, this Court finds the so-called "cherry-picking" to instead be a proper weighing of the evidence. *See White v. Comm'r of Soc. Sec.,* 572 F.3d 272, 284 (6th Cir. 2009); *infra* § IIIA.i.

As the Commissioner notes, listings are reserved for the most serious impairments. In this case, the ALJ conducted a thorough analysis of the record and determined that "the claimant's mental impairments do not cause at least two "marked" limitations of one "extreme" limitation." (AR at 15.) As evidence for this, the ALJ noted that Booth goes to the store with her sister and attends church with close friends and family. (*Id.* at 18, 20.) Additionally, the ALJ discussed the findings from the March 2022 consultative examination that Booth argues the ALJ overlooked. (*Id.* 19–20.) Even if the Court were to reach a different conclusion with the evidence in the record, it is powerless to overturn the ALJ's decision. The ALJ pointed to specific facts and sufficiently enumerated his findings of why Booth did not meet a listing. This is substantial evidence.

In a similar way, Booth argues that the ALJ failed to build a "logical bridge" between the record evidence and the ALJ's moderate limitations in understanding, remembering, or applying information. (R. 11 at 12.) Specifically, Booth takes issue with the fact the ALJ did not find a "marked" limitation when her intellectual tests scores fell in the "extremely low" range." (*Id.*) However, the evidence contradicts Booth's argument.

As the Commissioner properly notes, the ALJ considered Plaintiff's assertions that "she can only read and write some," has difficulty focusing, and cannot follow the storyline of

10

television programs. (AR 17–18.) Additionally, the ALJ recounted that Plaintiff cannot write checks, complete money orders, or follow a recipe. (AR at 18.)

As to Booth's contention that her full-scale IQ score of 56 necessarily constitutes a "marked" limitation, the Court is not persuaded. Although the test scores were in the bottom percentage, the ALJ noted that Booth could read and write, could drive, could bake and cook meals, shop, attend church, and care for herself. (AR at 14–18.) This articulation of facts properly refutes the contention that Booth has marked limitations. The facts he relied on to make his conclusion presented substantial evidence.

### C.  The RFC Assessment is Supported by Substantial Evidence

Booth's final argument is that the ALJ improperly adopted the prior ALJ's RFC assessment. (R. 11 at 13.) She argues that the ALJ reversibly erred because she improperly adopted the RFC from Booth's November 2020 decision when new and material evidence existed. (*Id.* at 13–14.) Booth asserts that the ALJ misapplied the Sixth Circuit case of *Drummond* and the agency's Acquiescence Ruling 98-4(6) that implemented the ruling.

The Sixth Circuit's decision in *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842 (6th Cir. 1997), established that the principles of res judicata apply equally to both claimants and the Commissioner. Specifically, when the Commissioner has issued a final decision regarding a claimant's entitlement to benefits, that determination is binding unless there are changed circumstances.

In response to *Drummond*, the Social Security Administration issued Acquiescence Ruling 98-4(6), requiring adjudicators within the Sixth Circuit to follow the Drummond holding. *See* Acquiescence Ruling 98-4(6), 63 Fed. Reg. 29,771 (June 1, 1998). The ruling provides that, when evaluating a subsequent disability claim involving an unadjudicated period under the same title of the Social Security Act, adjudicators must adopt

11

findings from the final decision by an ALJ or the Appeals Council, unless new and material evidence relates to those findings. *Id.* at 29,773.

More recently, the Sixth Circuit clarified in *Earley v. Commissioner of Social Security*, 893 F.3d 929, 933–34 (6th Cir. 2018), that while an ALJ may review earlier findings when considering a new period of alleged disability, the ALJ is not strictly bound by them.

Booth argues that new and material evidence was added to the record after the previous ALJ's RFC determination in 2020. Importantly, the psychological testing that determined Booth's extremely low full-scale IQ was conducted in 2021. (R. 11 at 14.)

The Court agrees that this evidence is new and material. However, the Court disagrees with Booth's interpretation of the ALJ's "adoption." The ALJ did not merely adopt the prior ALJ's RFC without more. The ALJ specifically analyzed the new evidence, i.e. the full-scale IQ testing. (*See* AR at 20.) The ALJ's detailed analysis of Booth's RFC was a "fresh review." *See Early,* 893 F.3d 929 at 934. In this analysis, the ALJ assessed a new mental RFC, as she reduced Booth's capacity for reading and writing. (AR at 17.) This is not a mere adoption, but rather a new look at the evidence to reach a more restrictive RFC. Because the ALJ took a fresh look at the new evidence, her conduct does not result in a finding of reversible error.

## IV.   CONCLUSION

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby ORDERED that:

(1)   The Plaintiff's Motion for Summary Judgment (R. 11) is DENIED;

(2)   The decision of the Commissioner is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(3)   A judgment will be entered contemporaneously with this order.

This 30th day of January, 2026.



Signed By:
*Karen K. Caldwell*  KKC
United States District Judge